IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 10-166 |
| | ) | |
| KENNETH PAUL STIFFEY, Jr. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

And now comes the United States of America, by its attorneys David J. Hickton, United States Attorney for the Western District of Pennsylvania and Soo C. Song, Assistant United States Attorney for said District, and submits the following Sentencing Memorandum.

**I.    18 U.S.C. § 3553(a)**

The Court is required to give "meaningful consideration" to all of the relevant Section 3553(a) factors. United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006).

**A.   The Nature and Circumstances of the Offense (3553(a)(1))**

The nature and circumstances of the offense are uniquely unconscionable. The crime in this case was not a prank – it was a crime of violence. The hateful act involved in this case irrevocably impacted the lives of the victim and his family. The conspiracy did not involve a fleeting criminal impulse, but a prolonged plan over a span of several hours to burn a cross in the yard of the victim. Co-conspirators built a "practice" cross and experimented with accelerants like WD-40 to test their

1

flammability.

The criminal conspiracy in this case was a violent act, which targeted an individual on the basis of his race. Cross burnings are particularly destructive because they invoke pernicious historical antecedents. A burning cross is an archetypical symbol of racism, prejudice and hatred and also constitutes a symbolic reference to the Ku Klux Klan (KKK). Burning crosses can reasonably be expected to cause a person to fear bodily harm. Virginia v. Black, 538 U.S. 343, 359 (2003) (defining "true threats"); United States v. Milbourn, 600 F.3d 808, 811 (7th Cir. 2010)("Burning a cross on the front yard of a biracial family is both threatening and an act of intimidation.")

The cross in this case was 6' tall, and placed and burned by the defendant in the fenced backyard of the victim at approximately 11:30 at night. Had the cross ignited the area around it, the resulting fire could have wreaked unspeakable damage to the residence or harm to the sleeping people inside. Eventually, in the course of interviews, each of the co-conspirators acknowledged to the FBI that they were aware that cross-burnings were traditionally associated with the KKK or were symbols of hate.

**B.     History and Characteristics of the Defendant (3553(a)(1))**

The defendant in this case is 21 years of age. The assault detailed in paragraph 30, for which the defendant received a single criminal history point, involved severe injuries to the victim,

which required surgery, stitches and nearly two months of hospitalization.

This defendant made statements to law enforcement on several occasions that obscured his involvement in the instant crime. The defendant originally professed to have taken the cross because he wanted it as a religious symbol, and falsely claimed to have left the garage at the time that co-conspirators removed the cross from his garage and placed in the victims' yard.

While the defendant's criminal history point total is relatively low, the past several years include contacts with law enforcement related to alcohol or impulsivity. Related to the instant case, the defendant's substance abuse issues have impeded his ability to follow the court directives while on pretrial release.

### C. **Seriousness of Offense, Respect for the Law, Just Punishment (3663(a)(2)(A))**

The severity of the offense and consideration of just punishment necessarily implicates the impacts to the victims. Undersigned counsel and the FBI have been in frequent contact with the victim family and have met with them in their home. They are cognizant of their right to provide victim impact at the sentencing hearing and convey the following.

The victim family has opened their arms and hearts and home to children for years, several of whom have no other safe or stable

options, or struggle with behavioral or learning disability or impairment.  The have accepted care of children, like the victim in this case, without regard for their race, ethnicity or background.  There is no doubt that the crime in this case has changed their lives forever.  They live in a small community, where they had resided for over 25 years without fear of harm. Unfortunately, the cross burning had its intended effect in this case.  Since the crime, the victim family has been placed in fear and reports feeling "imprisoned" in their home, not venturing out freely or unguardedly.  They place restrictions upon where their children can go and what they can do, out of concern for their safety and well-being.  The victim family was forced to confront the persistence of bigotry and prejudice daily, while they anxiously anticipated the possible outcome of the federal criminal investigation since the commission of the crime in 2009.

   Impact statements have been submitted.  One statement by the victims reads, "like ripples in a pond by a throw of a rock is like the cross in our yard which rippled through our lives .. There's nothing I can say or do to give them a sentence equal to the sentence they have given us." Another family member of the victims writes, "think about how you would feel if the town you lived in all your life didn't feel safe anymore and then ultimately having to move from the one place you were raised and have raised your family (the place your children have called home)."

4

The victim family has not requested restitution, nor advocated a particular sentence. They merely would like the Court to understand the impacts to them.

### D. Deterrence of Others (3553(a)(2)(B))

The sentence in this case has the potential to deter others from committing other, similar crimes. Cross burnings are not a commonly prosecuted offense, but it is important to convey that such acts are criminal, violent and will garner prosecution and punishment.

### E. Protect the Public (3553(a)(2)(C))

The crime was a crime of violence and intimidation, which, fortunately did not result in destruction of property or life. A guideline sentence of incarceration will afford some protection to the victims and the public and harm.

### F. Need to Avoid Sentencing Disparity

The guideline range in this case includes an enhancement based upon selecting a victim on account of his race.

**CONCLUSION**

The government respectfully requests that the Court consider all of the above, in addition to any statements that will be presented at sentencing, in formulating the appropriate sentence in this case.

Respectfully submitted,

```
                    DAVID J. HICKTON
                    United States Attorney


                    s/ Soo C. Song
               By:  SOO C. SONG
                    Assistant U.S. Attorney
                    U.S. Post Office & Courthouse
                    700 Grant Street, Suite 4000
                    Pittsburgh, Pennsylvania 15219
                    (412) 894-7420 (Phone)
                    (412) 644-2645 (Fax)
                    DC ID No. 457268
```